# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION
# AT COVINGTON

**CRIMINAL NO. 12-23-DLB-CJS**

**UNITED STATES OF AMERICA**                                                **PLAINTIFF**

**v.**                     **REPORT AND RECOMMENDATION**

**BRADLEY WILSON**                                                      **DEFENDANT**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

On October 28, 2013, this matter came before the Court for a Final Revocation Hearing on the U.S. Probation Office's Report that Defendant Bradley Wilson had violated conditions of his supervised release. Defendant was present in Court and represented by James M. West, and the Government was represented by Assistant U.S. Attorney Robert K. McBride. The proceeding was electronically recorded and is contained in the Court's audio file at KYED-COV_2-12-cr-23-DLB-CJS_20131028_145414; the official record of this proceeding was certified by Tammy Ziegelmeyer, Deputy-in-Charge.

On August 24, 2012, the Defendant pled guilty to counterfeiting United States' obligations in violation of 18 U.S.C. § 471. (R. 41). On December 6, 2012, the Court sentenced the Defendant to fifteen months of incarceration with a thirty-six-month term of supervised release to follow. (R. 55). Defendant's period of supervision began on August 9, 2013.

The Defendant now stands before the Court charged with the following violations of supervised release:

> Violation No. 1: The defendant shall submit to periodic drug and alcohol testing at the direction of the probation officer.
>
> Violation No. 2: The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing.
>
> Violation No. 3: The defendant shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances.

(R. 55, at 3-4).

At the final hearing on these violation charges, counsel informed the Court that the parties had reached an agreement. Specifically, Defendant was prepared to stipulate to the violations set forth in the October 17, 2013, violation report of U.S. Probation Officer Leanne M. Vonderhaar and the Government agreed to recommend a five-month term of incarceration with a thirty-one-month term of supervised release to follow. Defendant agreed to participate in any available drug treatment programs during both his terms of incarceration and supervised release, and such treatment programs should be made available to Defendant where circumstances permit. The parties further agreed that if Defendant has no violations after twelve months of supervised release and the restitution amount of $910 is paid in full, a request for early termination of supervised release will be presented to the Court.

The undersigned explained to Defendant the statutory maximum terms of incarceration and supervised release and explained the sentencing options available to the Court.[1] The undersigned

---

[1] Here, because Defendant's underlying criminal offense was a Class C felony, the maximum term of incarceration upon revocation of his supervised release is 2 years. *See* 18 U.S.C. § 3583(e)(3). United

also informed Defendant that while she would recommend the agreed sentence to the presiding District Judge, the presiding District Judge imposing the final sentence was not obligated to impose the sentence recommended by the undersigned. Defendant acknowledged his understanding and proceeded to enter a guilty plea to the violations of his supervised release. Defendant was also informed of his right to allocution, and a waiver of allocution has been executed. Defendant did not agree to waive his right to appeal.

The undersigned is satisfied from the dialogue with Defendant that he understands the nature of the pending violation charges, has had ample opportunity to consult with counsel, understands that no promises have been made to him about any final sentence to be imposed in exchange for his stipulation regarding the charges, and that he enters his guilty plea knowingly and voluntarily. Therefore, based on Defendant's plea of guilty to the allegations, the undersigned finds and will recommend that the District Court find that Defendant has violated the conditions of his supervised release as charged.

The Court may revoke a term of supervised release after finding that a defendant has violated a condition of supervised release. *See* 18 U.S.C. § 3583(e)(3). Upon revocation, a court should impose a sentence that is sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a). *See id.* § 3583(e). The sentencing court is to consider:

    1.    The nature and circumstance of the offense and the history and characteristics of the Defendant, *see* 18 U.S.C. § 3553(a)(1);

---

States Sentencing Guideline (U.S.S.G.) § 7B1.4(a) suggests a revocation range of imprisonment of 5 to 11 months, based upon Defendant's criminal history category of III and the violations as admitted by him being that of Grade C violations. Defendant may also be placed back on supervised release following any term of imprisonment imposed upon revocation. Under the statute, the maximum term of further supervised release that could be imposed is 3 years, less any term of imprisonment imposed upon revocation of his supervised release. *See* 18 U.S.C. § 3583(h).

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct, *see* 18 U.S.C. § 3553(a)(2)(B); to protect the public from further crimes of the Defendant, *see* 18 U.S.C. § 3553(a)(2)(C); and to provide the Defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner, *see* 18 U.S.C. § 3553(a)(2)(D);

3. The kinds of sentence and the applicable sentencing range established in the United States Sentencing Commission's Sentencing Guidelines, any amendments thereto, and any associated policy statements made by act of Congress or issued by the Sentencing Commission and in effect on the date the Defendant is sentenced, for a violation of a term of supervised release, *see* 18 U.S.C. § 3553(a)(4),(5);

4. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, *see* 18 U.S.C. § 3553(a)(6); and,

5. The need to provide restitution to any victims of the offense, *see* 18 U.S.C. § 3553(a)(7).

18 U.S.C. §§ 3583(e) and 3553(a); *see also United States v. Williams,* 333 F. App'x 63, 69 (6th Cir. 2009).

After review of the factual circumstances of the violations as well as the court record, the undersigned finds that the agreed sentence is sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a). *See id.* § 3583(e). Further, the Court is encouraged by Defendant's willingness to participate in available forms of drug treatment–prior offers for such treatment having been declined–and interprets this as illustrating Defendant's desire to comply with supervision efforts at rehabilitation upon release. Further, the possibility for early termination of his supervised release will only be added incentive for Defendant to concentrate on refraining from the use of illegal substances, which is what led him to have his bond revoked during prosecution of the underlying offense and what also led to the current violations.

Accordingly, **IT IS RECOMMENDED** that:

1. Defendant **BRADLEY WILSON** be found to have **VIOLATED** the terms of his supervised release as set out in the October 17, 2013, Violation Report;

2. Defendant's supervised release be **REVOKED;**

3. Defendant be sentenced to the custody of the Attorney General for a term of **FIVE (5) MONTHS, credit to be given for time served since his detention on the charged violation,** with thirty-one (31) months of supervised release to follow with the same conditions of supervision reimposed and with Defendant to participate in any available drug treatment programs provided to him by the Bureau of Prisons and as directed by the U.S. Probation Office. After twelve (12) months of supervised release, if Defendant is without any violations of his conditions and has made full payment of the $910 restitution owed, Defendant may seek early termination of his supervised release via petition to the Court by the U.S. Probation Office; and,

4. Defendant be ordered to make **RESTITUTION** as previously imposed by this Court in its sentencing of Defendant, the balance for which presently remains at $910.

The Clerk of Court shall forthwith submit the record in this matter to the presiding District Court Judge for consideration of this Report and Recommendation, Defendant and the United States having waived the period for the filing of objections hereto.

Dated this 31st day of October, 2013.



Signed By:
*Candace J. Smith*
**United States Magistrate Judge**

G:\DATA\S.R. violations R&R\12-23 Wilson SR R&R final.wpd