# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
### NORTHERN DIVISION
### AT COVINGTON

CRIMINAL NO. 12-23-DLB-CJS

UNITED STATES OF AMERICA                                          PLAINTIFF

v.                          REPORT AND RECOMMENDATION

BRADLEY WILSON                                                   DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

On November 13, 2014, this matter came before the Court for a Final Revocation Hearing on the U.S. Probation Office's Report that Defendant Bradley Wilson had violated conditions of his supervised release. Defendant was present in Court and represented by James M. West, and the Government was represented by Assistant U.S. Attorney Robert K. McBride. The proceeding was electronically recorded and is contained in the Court's audio file at KYED-COV_2-12-cr-23-DLB-CJS-002-20141113_105858; the official record of this proceeding was certified by Linda Tierney, Deputy Clerk.

## I.     Background

On August 24, 2012, the Defendant pled guilty to counterfeiting United States' obligations in violation of 18 U.S.C. § 471. (R. 41). On December 6, 2012, the presiding District Judge sentenced Defendant to fifteen months of incarceration with a thirty-six-month term of supervised release to follow. (R. 55). Defendant's period of supervision first began on August 9, 2013.

On August 30, 2013, Defendant's number was listed on the drug screen line, and Defendant failed to appear for a drug test on that date. On September 3, 2013, he reported to the Probation Office and admitted he heard his number on the drug test line, but stated he was confused by the listing of multiple numbers on the message. On October 2, 2013, Defendant provided a diluted urine sample for testing. On October 9, 2013, he again provided a diluted urine sample for testing despite the probation officer's instructions not to drink excessively before testing. On October 9, 2013, Defendant submitted to a drug screen, which tested positive for marijuana.

On October 17, 2013, the presiding District Judge ordered, after a Petition for alleged violations of supervised release was presented by the U.S. Probation Officer, that a warrant be issued for Defendant to appear before the undersigned to answer for the violations. On October 28, 2013, Defendant was before the Court for a final supervised release revocation hearing. (R. 66). At that time, counsel informed the Court that the parties had reached an agreement. Pursuant to the agreement, Defendant pled guilty to violating the conditions of his supervised release as set forth in the October 17, 2013, violation report of U.S. Probation Officer Leanne M. Vonderhaar, and the Government recommended a five-month term of incarceration with a thirty-one month term of supervised release to follow. (R. 69). The parties further agreed that if Defendant had no violations after twelve months of supervised release and the restitution amount of $910 was paid in full, a request for early termination of supervised release would be presented to the Court. The undersigned recommended the agreed sentence to the presiding District Judge. (R. 69). On November 13, 2013, the presiding District Judge adopted the undersigned's Report and Recommendation, and sentenced Defendant consistent with the parties agreement. (R. 71). Defendant's most recent term of supervision commenced on March 21, 2014.

On October 22, 2014, the Probation Officer Vonderhaar submitted a Violation Report again setting forth circumstances of Defendant's failure to abide by conditions of his supervision. Specifically, Defendant failed to show for six scheduled counseling sessions from May 28, 2014, to September 30, 2014, and was ultimately terminated from counseling services due to his lack of motivation to attend sessions. On October 7, 2014, Defendant failed to report for a drug screen, and when contacted by his probation officer on October 8, 2014, he said he forgot to call the drug test line as required. The probation officer instructed Defendant to report by close of business on October 8, 2014, or October 10, 2014, to discuss his noncompliance. The probation officer reported that as of October 22, 2014, Defendant had failed to report as instructed and failed to contact the probation officer. Defendant also failed to submit his monthly report as required and has not paid restitution as ordered.

On October 27, 2014, the presiding District Judge ordered that a summons be issued for Defendant to appear before the undersigned to answer for these violations. On October 31, 2014, Defendant appeared before the undesigned for an initial appearance on supervised release violation. (R. 78). At that hearing, the Court set the final revocation hearing for November 13, 2014, and permitted Defendant to remain on his release status pending the final hearing. At the conclusion of the initial appearance proceeding, the Court instructed Defendant to report to the U.S. Marshal's Office for processing and to report to the U.S. Probation Office for a drug screen prior to leaving the courthouse. Defendant failed to report to either office as instructed and, instead, left the courthouse without complying with the Court's instructions.

In response to Defendant's failure to submit to a drug screen on October 31, 2014, the United States filed a Motion to Revoke Bond and for an Arrest Warrant. (R. 77). In addition, on

November 3, 2014, the U.S. Probation Officer provided the Court with an Addendum to the October 22, 2014, Supervised Release Violation report, charging Defendant with an additional violation. On November 3, 2014, the Court granted in part the United States' Motion as to its request for an arrest warrant and stated it would take up Defendant's release status upon his arrest and appearance before the Court. (R. 80).

On November 12, 2014, Defendant turned himself in to authorities and now stands before this Court charged with the following violations:

Violation No. 1: The defendant shall participate in substance abuse treatment program at the direction and discretion of the probation officer.

Violation No. 2: The defendant shall submit to periodic drug and alcohol testing at the direction of the probation officer.

Violation No. 3: The defendant shall report to the probation officer in a manner and frequency directed by the probation officer and shall follow the instructions of the probation officer.

Violation No. 4: The defendant shall pay restitution as ordered.

Violation No. 5: The defendant shall submit to drug and alcohol testing at the direction and discretion of the probation officer.

At the final hearing on these violation charges, counsel informed the Court that the parties had reached an agreement. Specifically, Defendant was prepared to stipulate to the violations set forth in both the October 22, 2014, violation report of U.S. Probation Officer Leanne M. Vonderhaar and the November 3, 2014, Addendum, and the Government agreed to recommend an eleven-month term of incarceration with no supervised release to follow. The parties also agreed that Defendant will not be relieved of his restitution obligation of which $690 remains to be paid.

The undersigned explained to Defendant the statutory maximum terms of incarceration and supervised release and explained the sentencing options available to the Court. The undersigned also informed Defendant that she was not obligated to recommend the agreed sentence to the presiding District Judge, and even if she did that the presiding District Judge imposing the final sentence was not obligated to impose the sentence recommended by the undersigned. Defendant acknowledged his understanding and proceeded to enter a guilty plea to the violations of his supervised release. Defendant did not waive his right to allocution.

The undersigned is satisfied from the dialogue with Defendant that he understands the nature of the pending violation charges, has had ample opportunity to consult with counsel, understands that no promises have been made to him about any final sentence to be imposed in exchange for his stipulation regarding the charges, and that he enters his guilty plea knowingly and voluntarily. Therefore, based on Defendant's plea of guilty to the violations, the undersigned finds and will recommend that the District Court find that Defendant has violated the conditions of his supervised release as charged. This, then takes us to the issue of sentencing.

## II.     Sentencing

### A.     Legal standard and sentencing guidelines

The Court may revoke a term of supervised release after finding that a defendant has violated a condition of supervised release. *See* 18 U.S.C. § 3583(e)(3). Upon revocation, a court should impose a sentence that is sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a). *See id.* § 3583(e). The sentencing court is to consider:

1.     The nature and circumstance of the offense and the history and characteristics of the Defendant, *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct, *see* 18 U.S.C. § 3553(a)(2)(B); to protect the public from further crimes of the Defendant, *see* 18 U.S.C. § 3553(a)(2)(C); and to provide the Defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner, *see* 18 U.S.C. § 3553(a)(2)(D);

3. The kinds of sentence and the applicable sentencing range established in the United States Sentencing Commission's Sentencing Guidelines, any amendments thereto, and any associated policy statements made by act of Congress or issued by the Sentencing Commission and in effect on the date the Defendant is sentenced, for a violation of a term of supervised release, *see* 18 U.S.C. § 3553(a)(4),(5);

4. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, *see* 18 U.S.C. § 3553(a)(6); and,

5. The need to provide restitution to any victims of the offense, *see* 18 U.S.C. § 3553(a)(7).

18 U.S.C. §§ 3583(e) and 3553(a); *see also United States v. Williams,* 333 F. App'x 63, 69 (6th Cir. 2009). In determining an appropriate sentence, the applicable policy statements in the Sentencing Guidelines, *see* U.S.S.G. Ch. 7, Pt. B, and the factors set out in 18 U.S.C. § 3553(a) must be considered. The undersigned has carefully considered the factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

Here, because Defendant's underlying criminal offense was a Class C felony, the maximum term of incarceration upon revocation of his supervised release is 2 years. See 18 U.S.C. § 3583(e)(3). United States Sentencing Guideline (U.S.S.G.) § 7B1.4(a) suggests a revocation range of imprisonment of 5 to 11 months, based upon Defendant's criminal history category of III and the violations as admitted by him being that of Grade C violations. Defendant may also be placed back on supervised release following any term of imprisonment imposed upon revocation. Under the

statute, the maximum term of further supervised release that could be imposed is 3 years, less any term of imprisonment imposed upon revocation of his supervised release. See 18 U.S.C. § 3583(b)(2), (h).

## B.    Summary of arguments of counsel regarding sentencing

As discussed above, the parties have agreed to what they think is an appropriate sentence for the violations. Assistant United States Attorney McBride stated that given Defendant's history of non-compliance, he thinks the high end of the guideline range with no supervision to follow is appropriate. He noted that at this time Defendant has exhausted the services and patience of the Probation Office and that Defendant's conduct demonstrates actions of one who cannot or will not rehabilitate. Further, while the United States thinks Defendant may have been encouraged by a third party not to submit to Court-ordered drug screen on October 31, 2014, Defendant ultimately bears the responsibility for his actions.

Defendant agreed that an eleven-month term of incarceration with no supervision to follow is an appropriate sentence. Defense counsel noted that after Defendant serves his sentence for the current violation, he will have spent more time incarcerated for violations of his supervision then he did for the underlying offense. Defense counsel also advocated that while Defendant has had difficulty complying with all terms of his supervision, he did not exhibit a blatant disregard of his conditions. Instead, counsel argued that Defendant made attempts to comply as demonstrated by his maintaining employment throughout his supervision and in having six clean drug screens. Counsel also noted that while Defendant had difficulty attending counseling appointments the problem primarily stemmed from his inability to control his work schedule and transportation issues. Counsel

also explained that Defendant has had some extreme financial problems that has limited his ability to make restitution.

### III.    Analysis and Recommendation

Upon consideration, the undersigned recommends that Defendant be sentenced to an eleven-month term of incarceration with no supervised release to follow. Section 7B1.3(a)(2) of the Sentencing Guidelines states that upon finding of a Grade C violation, the Court may revoke, extend, or modify the conditions of supervision. Revocation is appropriate here. The Court cannot ignore Defendant's repeated refusal to abide by the conditions of his release. His prior admitted violations consisted of failing to follow the instructions of the probation officer and included drug usage. Defendant has refused to incorporate the lessons learned from prior violations and again is charged with similar behavior that evidences an unwillingness to participate fully in his treatment. Defendant's behavior has resulted in further violations and he has again breached the trust associated with supervised release. Sanctioning this breach of trust is the fundamental principle underlying sentencing for supervised release violations. *See United States v. Branch,* No. 09-1996, 2010 WL 5423743, at *3 (6th Cir. Dec. 28, 2010) (citing U.S.S.G. ch. 7, pt. A, introductory cmt. 3(b)).

Moreover, Defendant's conduct on October 31, 2014, of disregarding the undersigned's specific instructions to submit to a drug screen before leaving the courthouse is a serious matter. While Defendant could be subject to much greater consequences for this conduct, the Court and the United States have declined to impose the more serious consequences for his behavior. Instead, the matter has resulted in only an additional violation being charged here, a decision which greatly benefits Defendant.

Accordingly, after review of the factual circumstances of the violations as well as the Court record, the undersigned finds that the agreed sentence of eleven months incarceration with no supervision to follow is sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a). *See id*. § 3583(e). The Court agrees that Defendant has exhausted the services of the U.S. Probation Office and his past history indicates that he has not sought to take advantage of the benefits of this oversight and the Probation Office would essentially have nothing more to offer him. The Court is also mindful, as pointed out by his counsel, that after Defendant serves the current sentence, he will have served more time for violations of supervision then he did for the underlying offense. Nevertheless, Defendant's repeated refusal to abide by the conditions of his release, and his conduct on October 31, 2014, dictate that a high-end sentence is appropriate.

Accordingly, **IT IS RECOMMENDED** that:

1.     Defendant **BRADLEY WILSON** be found to have **VIOLATED** the terms of his supervised release as set out in the October 22, 2014, Violation Report and the November 3, 2014 Addendum thereto;

2.     Defendant's supervised release be **REVOKED;**

3.     Defendant be sentenced to the custody of the Attorney General for a term of **ELEVEN (11) MONTHS, credit to be given for time served since his detention on the charged violation,** with no supervised release to follow; and,

4.     Defendant be ordered to make **RESTITUTION** as previously imposed by this Court in its sentencing of Defendant, the balance for which is presently $690.

5.    Since Defendant has preserved his right to allocute, if he wishes to address the District Court prior to sentencing, he must notify the Court in writing within **fourteen (14) days** of this Report and Recommendation.

Specific objections to this Report and Recommendation must be filed within **fourteen (14) days** of the date of service or further appeal is waived.  28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(2); *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir.), *aff'd*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Dated this 18th day of November, 2014.

**Signed By:**

_**Candace J. Smith**_

**United States Magistrate Judge**

G:\DATA\S.R. violations R&R\12-23 Wilson 2nd SR R&R.wpd